United States District Court
Middle District of Florida
Jacksonville Division

**WHITNEY PHILLIPS,**

 *Plaintiff,*

v.                 NO. 3:22-CV-811-MMH-PDB

**FORT FAMILY INVESTMENTS,**

 *Defendant.*

---

## Report and Recommendation

 Whitney Phillips filed a complaint suing Fort Family Investments for breach of contract, Doc. 1, and a motion to proceed in forma pauperis, Doc. 2. She identifies no federal law under which her claims arise, and she alleges Fort Family Investments is incorporated under Florida law and has its principal place of business in Florida. Doc. 1 at 4.

 The undersigned directed Ms. Phillips to show cause why the case should not be dismissed for lack of jurisdiction. Doc. 3. After explaining sources of federal-court jurisdiction and observing that jurisdiction appears lacking here, the undersigned warned, "If Ms. Phillips fails to timely respond and show cause, the Court will dismiss the action without prejudice." Doc. 3 at 3.

 Ms. Phillips has failed to respond.

 If a court determines jurisdiction is lacking, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). The dismissal must be without prejudice. *Stalley ex. Rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232

(11th Cir. 2008). A federal court may have jurisdiction under a specific statutory grant, federal-question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). Federal-question jurisdiction applies only if a claim arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction applies only if an action is between citizens of different states* and involves more than $75,000. 28 U.S.C. § 1332(a).

Here, Ms. Phillips has identified no statute granting jurisdiction or federal law under which her breach-of-contract claim arises. She and Fort Family Investments apparently are both Florida citizens. Thus, the Court lacks subject-matter jurisdiction.

A court may also dismiss a case for failure to respond to an order to show cause; the "court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

Here, dismissal is warranted because the Court lacks subject-matter jurisdiction and because Ms. Phillips has failed to respond to the order to show

---

*A corporation is a citizen of both the state in which the corporation is incorporated and the state in which the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," commonly known as its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).

cause. The undersigned **recommends** dismissing the case without prejudice and directing the clerk to close the file.

"Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on September 29, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Whitney Phillips
     3508 RustleWood Ct.
     Middleburg, FL 32068